UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDDRELL SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01631-TWP-CSW |
| | ) |
| DENNIS REAGLE, | ) |
| CHRISTINA REAGLE Commisoner, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

This matter is before the Court on numerous motions filed Plaintiff Eddrell Scott ("Mr. Scott"), and the screening of his Complaint. Mr. Scott is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action alleging that Defendants have retaliated against him for his litigation activity by refusing to place him in a safe environment. (Dkt. 2). Since the filing of his complaint, Mr. Scott has filed eight motions for court assistance (Dkts. 12, 13, 14, 15, 16, 17, and 18) which the Court will address in this Order. Because Mr. Scott is incarcerated, this Court must first screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Scott names two defendants in his complaint: Pendleton Warden Dennis Reagle and Indiana Department of Correction ("IDOC") Commissioner Christina Reagle. Mr. Scott alleges that Warden Reagle and Commissioner Reagle are married.[1]

Mr. Scott was attacked in his housing unit and requested protective custody three times. Defendants refused to place him in protective custody, and Mr. Scott believes they refused to do so because they want him to be murdered in retaliation for his grievance and litigation activity. After Mr. Scott's request to be placed in protective custody was denied, he was attacked two more times.

Mr. Scott wrote the IDOC Ombudsman about his desire to be transferred to protective custody, and she responded that he was "currently housed in the RHU unit which is the safest place for you." Dkt. 2-1 at 4. Mr. Scott says he was not housed in RHU at the time of his correspondence with her but rather was in the H cell house, and that Commissioner Carter must have coerced the Ombudsman to falsify her response about his housing placement in order to protect her husband.

Mr. Scott seeks transfer to another facility and one billion dollars in damages.

---

[1] The Court was not able to independently verify that Defendants are married, but the Court accepts this assertion as true for the purpose of screening the complaint.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

To state a retaliation claim, Mr. Scott must allege that (1) he engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in Defendants' decision to take the allegedly retaliatory action. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). Mr. Scott engaged in protected activity by filing grievances and lawsuits. And being attacked by other inmates could be considered a deprivation that would deter someone from engaging in First Amendment activity. But Mr. Scott raises no factual allegations from which the Court could infer that Mr. Scott's housing placement was motivated by his First Amendment activity. Nothing in the complaint indicates that either defendant mentioned Mr. Scott's litigation history, and Mr. Scott does not state that he has previously sued either defendant. Although the Court liberally construes Mr. Scott's complaint, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. Accordingly, Mr. Scott's retaliation claims are **dismissed for failure to state a claim** upon which relief can be granted.

However, Mr. Scott's complaint has alleged sufficient facts to state a failure-to-protect claim against Defendants based on his allegation that he requested protective custody several times, was denied, and was attacked again. Accordingly, Eighth Amendment claims **shall proceed** against Warden Reagle and Commissioner Reagle.

These are the only viable claims identified by the Court. All other claims have been dismissed. If Mr. Scott believes that additional claims were alleged in the complaint, but not

identified by the Court, he shall have **through December 8, 2023,** in which to identify those claims.

### IV. Other Pending Motions

Mr. Scott has filed a variety of motions since filing his complaint. Some of them seem to be affidavits or motions to supplement his complaint, while others request specific relief.

Mr. Scott's September 11, 2023, "Motion Affidavit Complaint Retaliation," dkt. [5], states that he believes that Warden Reagle has put a camera in his television and a chip in his tooth to monitor his activities. Mr. Scott acknowledges that this assertion may seem delusional. *Id.* at 1–2.

Mr. Scott's October 11, 2023, "Motion Affidavit and Assistance," dkt. [12], states that after the Reagles were served with notice of this lawsuit, he was attacked again. He again reiterates his belief that a chip was implanted in his tooth. Mr. Scott states that he wants to be "removed out [of] this danger" after he was again attacked by inmates on October 3, 2023. *Id.* at 2. The Court observes that because the Court is only now screening Mr. Scott's complaint, Defendants have not yet been notified about this lawsuit.

Mr. Scott's October 17, 2023, "Motion Complaint," dkt. [13], states that after inmates were disciplined for attacking Mr. Scott, they began threatening him by calling him a snitch and rat. He reiterates that he does not feel safe at Pendleton.

Mr. Scott's October 20, 2023, "Motion Complaint & Assistance," dkt. [14], requests that the Court appoint him counsel so that a summary judgment motion can be filed.

Mr. Scott's October 20, 2023, "Motion Complaint & Affidavit," dkt. [15], states that Defendants have interfered with his ability to litigate his appeal in *Scott v. Hinshaw*, 1:20-cv-02366-JRS-KMB, because they have refused to process his payment for his filing fee in that appeal.

Mr. Scott's October 20, 2023, "Motion Complaint & Assistance," dkt. [16], states that the Defendants have interfered with his litigation in this case by refusing to submit his check for the initial partial filing fee to this Court. Mr. Scott states that after he had a 3-way call with his mother and court staff about the filing fee issue, he learned that Pendleton staff had blocked his mother's phone number.

Mr. Scott's November 8, 2023, "Motion Complaint," dkt. [17], reiterates his struggle with paying the initial partial filing fee.

Mr. Scott's November 8, 2023, "Motion Complaint for Assistance," dkt. [18], states that he is concerned that his appeal in *Scott v. Hinshaw*, 1:20-cv-02366-JRS-KMB will be dismissed due to Defendants' interference with his legal mail. Mr. Scott notes in this motion that he has recently been moved to a different housing unit.

The Court makes the following rulings on these motions:[2]

- Mr. Scott's motions at dkts. [5], [12], and [13], are **denied**. To the extent that Mr. Scott wants to supplement his complaint, the motions are unnecessary. The Court has identified a viable Eighth Amendment failure-to-protect claim, and these motions do not modify the Court's assessment that this is the only viable claim. To the extent that Mr. Scott seeks a preliminary injunction, the motions are too vague for the Court to determine that he is entitled to this extraordinary form of relief.

  **The clerk is directed** to send Mr. Scott a form motion for preliminary injunction

---

[2] In several of the motions, Mr. Scott makes vague threats to harm others if he is not moved from his housing unit. *See* dkt. 12 at 2 ("I'm in danger and may be forced to kill somebody or loose my life."); dkt. 13 at 1 ("I may be forced to take somebody life and or loose my life and I dont want to."); dkt. 14 at 1 ("I felt the need to inform you that my situation is at risk of possible death or me murdering someone."); and dkt. 15 at 1 ("Im being deprived of eqality, dignity, attacked, treated cruel and at risk of looseing my life or taken somebody life (and I dont want to kill nobody))." Warden Reagle and other Pendleton staff are in the best position to assess the seriousness of these threats and determine the appropriate course of action, so the Court takes no further action with this aspect of Mr. Scott's motions at this time.

which he may use if he chooses to renew his request to be transferred to a different facility.

- Mr. Scott's motion for counsel, dkt. [14], is **denied without prejudice**. Mr. Scott does not provide enough information for the Court to determine that he qualifies for the appointment of counsel. *See Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) ("When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?") (cleaned up). Further, because Defendants have not been served, it would be premature to appoint counsel to assist Mr. Scott with preparing summary judgment motions—no answer has been filed, and no pretrial schedule has been issued. **The clerk is directed** to send Mr. Scott a form motion for counsel.

- In two of the motions, dkts. [16] and [17], Mr. Scott states that his efforts to pay the initial partial filing fee have been thwarted. These motions are **granted to the extent** that the Court waives the initial partial filing fee and will issue a collection order to facilitate collection of the filing fee by separate entry. However, the Court takes no action with respect to Mr. Scott's phone privileges with his mother. Such concerns should be addressed with Pendleton staff.

- Mr. Scott's motions related to his appeal in *Scott v. Hinshaw*, 1:20-cv-02366-JRS-KMB, dkts. [15] and [18], are **denied**. Any concern related to his appeal in that matter should be addressed by filing a motion in his appellate cause number in the

Seventh Circuit Court of Appeals. *See Scott v. Hinshaw*, 1:20-cv-02366-JRS-KMB, dkt. 284 (noting that concerns with appeal must be directed to Seventh Circuit Court of Appeals).

### V. Summary and Service of Process

An Eighth Amendment failure-to-protect claim **shall proceed** against Dennis Reagle and Christina Reagle. All other claims are **dismissed**.

Mr. Scott's motions related to the initial partial filing fee, dkts. [16] and [17], are **granted to the extent** that the Court waives the initial partial filing fee and will issue a collection order by separate entry. All other pending motions, dkts. [5], [12], [13], [14], [15], and [18], are **denied**. **The clerk is directed** to send Mr. Scott a form motion for preliminary injunction and form motion for assistance with recruiting counsel with his copy of this Order.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dennis Reagle and Christina Reagle in the manner specified by Rule 4(d). Process shall consist of complaint, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 11/14/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EDDRELL SCOTT
132122
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Dennis Reagle (Pendleton Correctional Facility)
    Christina Reagle (IDOC Central Office)